**NOT FOR PUBLICATION**

```
            UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY
```

STEPHEN MATHIES,               :
                                       Civil Action No. 10-6314 (NLH)
         Petitioner,           :

         v.                    :     **OPINION**

WARDEN PAUL M. SCHULTZ,        :

         Respondent.           :

**APPEARANCES:**

Stephen Mathies, Pro Se
#25889-145
FCI Phoenix
37910 N. 45th Ave.
Phoenix, AZ 85086

**HILLMAN**, District Judge

   Petitioner, Stephen Mathies, was a prisoner confined at the Federal Correctional Institution at Fort Dix, New Jersey, at the time he submitted this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Because it appears from a review of the petition that this Court lacks jurisdiction to consider this petition, and that it is not in the interest of justice to transfer, this Court will dismiss the petition without prejudice.  See 28 U.S.C. §§ 1631, 2243, 2244(a), 2255.

I.   BACKGROUND

   According to the allegations of the petition and previous dockets from Petitioner's prior civil and criminal cases, on May

19, 1995, Petitioner was sentenced by the United States District Court, Eastern District of Pennsylvania, to 240 months imprisonment.  The United States Court of Appeals for the Third Circuit affirmed the judgment on February 21, 1996.

On June 2, 1997, Petitioner filed a motion pursuant to 28 U.S.C. § 2255.  The Eastern District of Pennsylvania denied the motion on June 15, 1998.  The Court of Appeals for the Third Circuit denied Petitioner's request for certificate of appealability on May 28, 1999.

The instant matter began when Petitioner filed, in his criminal case in the United States District Court, Eastern District of Pennsylvania, a letter dated October 5, 2010 requesting clarification of his sentence.  That letter was deemed to be a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241.  The matter was then transferred to this Court as Petitioner was incarcerated at FCI Fort Dix at the time of filing.  Petitioner has since been transferred to FCI Phoenix.

Petitioner submitted an Amended Petition to this Court, in which he argues that his sentence should be vacated based on sentencing guideline concerns (as well as alleging ineffective assistance of counsel as to this claim) and because he was actually innocent of the enhancement element.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2255.

## III.   ANALYSIS

Petitioner contends that he is entitled to habeas relief under § 2241, despite the fact that he has previously filed

3

unsuccessful challenges to his conviction, including a motion under 28 U.S.C. § 2255 in the district of conviction.  Second or successive motions under § 2255 are not permitted except in the instance of newly discovered evidence or a new rule of constitutional law that has been made retroactive.  See 28 U.S.C. § 2255(h).  Neither of those conditions exist here.

Petitioner hinges his challenge to his federal sentence on an allegation regarding an undischarged term of imprisonment that served as an enhancement to his sentence.  He contends that he was "actually innocent" of the enhancement element regarding the undischarged sentence.

As noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), Section 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement.  See also Chambers v. United States, 106 F.3d 472, 474 (2d Cir. 1997); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir. 1977); United States v. Walker, 980 F.Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).  Motions under § 2255 must be brought before the Court which imposed the sentence.  See 28 U.S.C. § 2255.

Section 2255 does, however, contain a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention."  In <u>Dorsainvil</u>, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate."  119 F.3d at 251.  The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent gatekeeping requirements of § 2255.  <u>Id.</u>  To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in <u>Dorsainvil</u> because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all.  <u>Id.</u> at 251-52.

Here, Petitioner does not allege facts bringing his conviction within the <u>Dorsainvil</u> exception.  Petitioner cannot demonstrate that his circumstances constitute the sort of "complete miscarriage of justice" that would justify application

of the safety-valve language of § 2255 rather than its gatekeeping requirements.  To the contrary, here, the Petitioner challenges the legality of his confinement, a challenge which would generally fall within the scope of claims cognizable on direct appeal or in a § 2255 motion in the district of confinement.  Section 2255 is not "inadequate or ineffective" in this matter; Petitioner's attempt under 2255 merely failed.

Further, Petitioner's claim of "actual innocence" must fail.  A claim of "actual innocence" relates to innocence in fact, not innocence based on a legal, procedural defect.  A litigant must present evidence of innocence so compelling that it undermines the court's confidence in the trial's outcome of conviction, thus permitting him to argue the merits of his claim.  A claim of actual innocence requires a petitioner to show: (a) new reliable evidence not available for presentation at the time of the challenged trial; and (b) that it is more likely than not that no reasonable juror would have convicted the petitioner in the light of the new evidence.  See House v. Bell, 126 S. Ct. 2064, 2077 (2006); Schlup v. Delo, 513 U.S. 298, 324, 327 (1995).  Furthermore, the Supreme Court, in House, emphasized that the gateway standard for habeas review in claims asserting actual innocence is extremely demanding and permits reviews only in the "extraordinary" case.  See House, 126 S. Ct. At 2077 (citing Schlup, 513 U.S. at 327.

In the case at bar, Petitioner's claim of "actual innocence" is not based on any new evidence suggesting any "innocence in fact." Rather, Petitioner merely asserts that his sentence was unduly enhanced. However, as stated by the Third Circuit, this is not a sufficient basis for granting relief under § 2241. See Piggee v. Bledsoe, 412 Fed.Appx. 443, 445 3d Cir. 2011)("[Petitioner] makes no allegation that he is actually innocent of the crime for which he was convicted; he only asserts that his sentence was improperly calculated. The Dorsainvil exception is therefore inapplicable, and relief under Section 2241 is not available")(citations omitted).

Therefore, Petitioner is not entitled to relief on his "actual innocence" claim. Furthermore, Petitioner has failed to demonstrate circumstances that would render § 2255 an inadequate or ineffective remedy; nor does he represent an intervening change in the law that renders non-criminal the crime for which he was convicted. Petitioner also fails to demonstrate any circumstances amounting to a "complete miscarriage of justice" that would justify application of the safety-valve language of § 2255. As such, this Petition must be considered a second or successive motion under § 2255, which Petitioner has not received authorization to file, and over which this Court lacks jurisdiction.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.

Petitioner has pursued his remedies in the court of conviction and his request for relief has previously been denied there.  Accordingly, it would not be in the interest of justice to transfer this Petition to the trial court, as a possible § 2255 motion.

## IV.  CONCLUSION

For the reasons set forth above, the Petition will be dismissed without prejudice for lack of jurisdiction.  An appropriate order follows.


At Camden, New Jersey                /s/ Noel L. Hillman
                                     Noel L. Hillman
                                     United States District Judge

Dated: November 16, 2011